UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, <br><br> Plaintiffs, <br><br> -against- <br><br> MARK FURER, a/k/a ELIE MOCHE FURER, individually, and HENLI BENJAMIN, individually, <br><br> Defendants. | 24 CV <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by multiemployer employee-benefit funds, through their respective Boards of Trustees, to collect delinquent employer contributions and related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

1

3. Venue is proper in this judicial district pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) because Plaintiffs are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, and Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff Carpenter Contractor Alliance of Metropolitan New York (together with the Charity Fund and the ERISA Funds, referred to herein as the "Funds") is a not-for-profit organization established under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 245 Fifth Avenue, New York, New York 10016.

7. Nonparty Concrete Industries One Corp. ("CIOC") is a domestic business corporation organized under the laws of the State of New York, conducting business in the

construction industry in the State of New York. At relevant times, Defendant CIOC was, and is, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. Nonparty CIOC maintains its principal executive office at 300 Boulevard of the Americas, Suite 101, Lakewood, New Jersey 08701.

8. The New York Department of State lists "MARK FURER AND HENLI BENJAMIN," with an address of 300 Boulevard of the Americas, Suite 101, Lakewood, New Jersey 08701, as the Chief Executive Officers of CIOC.

9. Defendant Mark Furer, a/k/a Elie Moche Furer ("Furer") is a principal and owner of CIOC. Upon information and belief, Furer resides at 1103 Somerset Avenue, Lakewood, New Jersey 08701.

10. Defendant Henli Benjamin ("Benjamin") is a principal and owner of CIOC. Upon information and belief, Benjamin resides at 373 Mayfair Drive South, Brooklyn, New York 11234.

**FACTUAL ALLEGATIONS**

**The Collective Bargaining Agreement**

11. At relevant times, CIOC was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the New York City District Council Carpenters (the "Union").

12. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

13. The CBA provides, *inter alia*, that "The Employer is bound by all of the terms and conditions of all the Agreements and Declarations of Trust establishing the Fringe Benefit Funds…

3

and agrees to be fully bound thereby as though the said Agreements and Declarations of Trust and Plans thereunder were fully set forth herein, and are all deemed to be incorporated within the framework of this Agreement."

14. Pursuant to the Agreements and Declarations of Trust, the Trustees of the Funds have promulgated a Policy for Collection of Employer Contributions (the "Collection Policy"). Accordingly, CIOC is bound to the terms of the Collection Policy.

15. The CBA required nonparty CIOC to, *inter alia*, remit specified hourly benefit contributions to the Funds in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

16. The CBA and the documents and instruments governing the Funds provide for the resolution of disputes via arbitration.

17. The CBA and the documents and instruments governing the Funds also required CIOC to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

18. The Collection Policy states "[t]he Outside Accounting Firms engaged by the Funds shall periodically review and/or audit the books and records of all of the employers bound by or signatory to a collective bargaining agreement with the District Council or any other agreements under which they are obligated to contribute to the Funds."

19. Pursuant to the CBA and the documents and instruments governing the Funds, an employer is liable for all delinquent contributions, plus interest thereon at the rate of the prime rate plus 2%, liquidated damages equal to 20% of the delinquent contributions, audit costs, and all reasonable attorneys' fees and costs incurred by the Funds in relation to this action.

20. The Collection Policy further provides that if a matter proceeds to arbitration or litigation, the employer will be additionally responsible for damages including attorneys' fees and "the entire cost of a payroll review and/or audit."

21. The Collection Policy also requires employers who request payment plans to personally guarantee the settlement amount.

22. Pursuant to the CBA and the documents and instruments governing the Funds, if an employer fails to timely remit benefit contributions, the Funds may assess late payment interest against the employer from the date of the delinquency through the date of payment.

**The Audit, Arbitration, and Judgment**

23. Pursuant to the CBA and the documents and instruments governing the Funds, the Funds initiated an audit of CIOC covering the period of June 26, 2019 through December 28, 2021 (the "Audit"), which revealed that CIOC had failed to remit contributions in the principal amount of $186,678.56.

24. A dispute arose between the parties when CIOC refused to pay the Audit findings and also failed to remit contributions due to the Funds for the period January 4, 2022 through September 6, 2022 in the principal amount of $47,600.40 ("post-Audit shortages").

25. Pursuant to the CBA and the documents and instruments governing the Funds, Plaintiffs initiated arbitration before arbitrator J.J. Pierson.

26. The arbitrator issued his award on February 19, 2023 and found CIOC violated the CBA when it failed to remit accurate and timely contributions to the Funds, and ordered CIOC to pay the Funds the sum of $336,581.35.

27. Having failed to timely pay the arbitration award, Plaintiffs initiated an action to confirm the arbitration award in New York District Court for the Southern District of New York

titled: *Trustees of The New York City District Council of Carpenters Pension Fund, et al., v. Concrete Industries One Corp., 23-CV-3180* (the "Action to Confirm").

28. Having failed to timely appear, the Court in the Action to Confirm, on June 23, 2023, entered a default judgment against CIOC in the amount of $337,772.35 (the "Judgment").

29. To date, the Funds have recovered $0 out of $337,772.35; a balance of $337,772.35 remains.

**Mark Furer and Henli Benjamin Breached Their Fiduciary Duties to the Funds**

30. The CBA bound CIOC to the terms of the Funds' Trust Agreements, which provide that the Funds' assets include, not only money that employers have actually contributed to the Funds, but also delinquent amounts that employers were required to contribute to the Funds pursuant to the CBA but have not yet paid.

31. Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), provides that a person is a fiduciary of an employee benefit plan to the extent he or she exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

32. Mark Furer and Henli Benjamin exercised operational control over some or all of CIOC's assets, including bank accounts, contracts, equipment, and other assets.

33. Mark Furer and Henli Benjamin were directly responsible for deciding whether to use assets in their possession to pay contributions to the Funds, to pay other creditors, or to pay themselves.

34. Mark Furer and Henli Benjamin exercised discretionary control and/or discretionary authority over the disposition of the Funds' assets by causing CIOC to fail to make contributions to the Funds in accordance with the CBA.

35. While CIOC owed contributions to the Funds, Mark Furer and Henli Benjamin caused CIOC to use, divert, or expend its assets for purposes other than remitting contributions to the Funds.

36. Mark Furer and Henli Benjamin are fiduciaries of the Funds within the meaning of Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

37. At all relevant times, Mark Furer and Henli Benjamin were parties in interest with respect to the Funds within the meaning of Sections 3(14)(A), (C), (E), and/or (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (C), (E), and/or (H).

38. By the foregoing acts and omissions, Mark Furer and Henli Benjamin failed to discharge their duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds and for the exclusive purpose of providing benefits to the Funds' participants and their beneficiaries and defraying reasonable expenses of administering the Funds, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

39. By the foregoing acts and omissions, Mark Furer and Henli Benjamin failed to discharge their respective duties with respect to the Funds with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

40. By the foregoing acts and omissions, Mark Furer and Henli Benjamin caused assets of the Funds to be used by or for the benefit of parties in interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

41. By the foregoing acts and omissions, Mark Furer and Henli Benjamin caused the Funds to suffer substantial monetary losses.

42. Under Section 409(a) of ERISA, 29 U.S.C. § 1109(a), Mark Furer and Henli Benjamin are personally liable to the Funds for all such losses, plus all profits Mark Furer and Henli Benjamin have made and/or all earnings the Funds have lost as a result of such acts and omissions.

**PLAINTIFFS FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS MARK FURER AND HENLI BENJAMIN**
*(Breach of Fiduciary Duty)*

43. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. Pursuant to the documents and instruments governing the Funds, the Funds' assets include contributions that are due under the CBA and Collection Policy, but are not yet paid by CIOC.

45. Mark Furer and Henli Benjamin, as principals of CIOC, are fiduciaries of the Funds within the meaning of Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

46. Mark Furer and Henli Benjamin are parties in interest with respect to the Funds within the meaning of Sections 3(14)(A), (C), (E), and/or (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (C), (E), and/or (H).

47. Mark Furer and Henli Benjamin are and were responsible for CIOC's failure to remit required contributions to the Funds.

48. By the foregoing acts and omissions, Mark Furer and Henli Benjamin breached their fiduciary duties to the ERISA Funds in at least the following ways:

    a) Mark Furer and Henli Benjamin failed to discharge their duties with respect to the ERISA Funds solely in the interest of the participants and beneficiaries of

the ERISA Funds, in contravention of Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1);

b) Mark Furer and Henli Benjamin failed to discharge their duties with respect to the ERISA Funds for the exclusive purposes of providing benefits to participants and beneficiaries of the ERISA Funds and defraying reasonable expenses of administering the ERISA Funds, in contravention of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

c) Mark Furer and Henli Benjamin failed to discharge their duties with respect to the ERISA Funds with the care, skill, prudence, and diligence that a prudent person would use, in contravention of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

49. Accordingly, pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109(a), Mark Furer and Henli Benjamin are personally liable to the ERISA Funds for: (a) all losses to the ERISA Funds resulting from the foregoing acts and omissions, including the amount of the unpaid Judgment; and (b) any and all profits Mark Furer and Henli Benjamin have made as a result of the foregoing acts and omissions.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Funds demand trial by jury in this action of all issues so triable.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1) On the Funds' First Claim for Relief finding that Mark Furer and Henli Benjamin breached their respective fiduciary duties to Plaintiffs and holding them liable to Plaintiffs for: (a) all losses incurred by the ERISA Funds as a result of Mark Furer

and Henli Benjamin's breach of their fiduciary duties, as revealed by the Audit and Judgment, or as otherwise found to be due during the course of this litigation; (ii) all profits Mark Furer and Henli Benjamin have made and/or all earnings the ERISA Funds have lost as a result of Mark Furer and Henli Benjamin's unlawful acts and omissions in an amount to be determined at trial; and (iii) Plaintiffs' attorneys' fees and costs incurred in this action;

2) Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 4, 2024                             Respectfully submitted,

                                            **VIRGINIA & AMBINDER LLP**

                            By:     */s/Adrianna R. Grancio*
                                     Adrianna R. Grancio, Esq.
                                     40 Broad Street, 7th Floor
                                     New York, New York 10004
                                     (212) 943-9080
                                     agrancio@vandallp.com