**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, <br><br> Plaintiffs, <br><br> -against- <br><br> MARK FURER, a/k/a ELIE MOCHE FURER, individually, and HENLI BENJAMIN, individually, Defendants. | Civil Action No. 1:24-cv-00063-AT |

## ANSWER OF MARK FURER

Defendant, Mark Furer, by and through his Attorneys, The Law Office Avram E. Frisch LLC, by way of answer to the Complaint of says:

## ANSWER

1. This Paragraph contains legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

2. This Paragraph contains legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

3. This Paragraph contains legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

4. Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

5. Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

6. Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

7. Defendant denies the allegations of this Paragraph.

8. Mr. Furer admits that he was an officer of CIOC with Mr. Benjamin, but has no knowledge of the records of the New York Department of State.

9. Defendant denies the allegations of this Paragraph. CIOC is defunct at this time, and has no principal or owner.

10. Defendant admits that Mr. Benjamin was an owner of CIOC, which is now defunct.

11. Defendant denies the allegations of this Paragraph.

12. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

13. Defendant denies the allegations of this Paragraph, as no CBA has been in effect for years.

14. Defendant denies the allegations of this Paragraph.

15. Defendant denies the allegations of this Paragraph.

16. Defendant denies the allegations of this Paragraph.

17. Defendant denies the allegations of this Paragraph.

18. Defendant denies the allegations of this Paragraph.

19. Defendant denies the allegations of this Paragraph.

20. Defendant denies the allegations of this Paragraph.

21. Defendant denies the allegations of this Paragraph.

22. Defendant denies the allegations of this Paragraph.

23. Defendant denies the allegations of this Paragraph.

24. Defendant denies the allegations of this Paragraph.

25. Defendant denies the allegations of this Paragraph.

26. Defendant denies the allegations of this Paragraph.

27. Defendant admits the allegations of this Paragraph.

28. Defendant admits the allegations of this Paragraph.

29. Defendant admits the allegations of this Paragraph.

30. Defendant denies the allegations of this Paragraph.

31. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

32. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

33. Defendant denies the allegations of this Paragraph.

34. Defendant denies the allegations of this Paragraph.

35. Defendant denies the allegations of this Paragraph.

36. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

37. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

38. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

39. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

40. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

41. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

42. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

**Count One**

43. The Defendant repeats and incorporates his responses to the prior paragraphs as if fully set forth herein.

44. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

45. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

46. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

47. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

48. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

49. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Plaintiff's claim is barred for lack of standing and/or privity of contract. Plaintiff is seeking funds for periods at which there was no CBA or other binding obligation on CIOC or this Defendant to pay anything to the Plaintiff.

2. Furthermore, the Plaintiff is seeking sums due and owing from CIOC that are not the personal responsibility of the Defendant.

### Second Affirmative Defense

3. The Plaintiff's claim is barred because of the Plaintiff's failure to add indispensable parties.

### Third Affirmative Defense

4. The Plaintiff's claim is barred because of the doctrine of unclean hands.

### Fourth Affirmative Defense

**5.** The Plaintiff's claim is barred because any alleged loss is caused by its the negligence, carelessness, lack of care and/or culpable conduct of Plaintiff or third parties over whom the Stern Defendants had no control, supervision nor responsibility, including Co-Defendant Henli Benjamin.

### Fifth Affirmative Defense

6. Plaintiff's claims are barred by the doctrines of estoppel and laches

### Sixth Affirmative Defense

7. Plaintiff's claims are barred by its failure to mitigate damages

## **PRAYER FOR RELIEF**

Wherefore, the Stern Defendants respectfully request that this court:

1. Dismiss the Complaint with prejudice,

2. Award the Defendant the costs and expenses of this Action,

3. Order all other relief deemed equitable by the court.

                                    THE LAW OFFICE OF AVRAM E. FRISCH LLC
                                    Attorneys for Plaintiff

By: _/s/ Avram E. Frisch_
                                    Avram E. Frisch, Esq.
                                    1 University Plaza, Suite 119
                                    Hackensack, NJ 07601
                                    201-289-5352
                                    frischa@avifrischlaw.com

Dated: January 27, 2025