

40 Broad Street, 7th Floor
New York, NY 10004
Tel. (212) 943-9080
Fax (212) 943-9082

**Adrianna R. Grancio**
Partner
agrancio@vandallp.com

January 27, 2025

<u>VIA ECF</u>

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>*Trustees of the New York City District Council of Carpenters Pension Fund, et al. v. Mark Furer a/k/a Elie Moche Furer et al.*, 24 CV 063 (AT)</u>

Dear Judge Torres:

    This firm represents the Plaintiffs in the above captioned matter. We write jointly with counsel for Defendant Mark Furer a/k/a Elie Moche Furer ("Furer") to provide the Court with the information requested in the Court's Orders dated January 8, 2024 (ECF Doc. No. 9) and November 26, 2024 (ECF Doc. No. 25). Defendant Henli Benjamin has not appeared in this action.

    I.    <u>**NATURE OF THE ACTION**</u>

    *Plaintiffs' Claims*

    This case is a civil action pursuant to Sections 404, 406, and 409 of the Employee Retirement Income Security Act, as amended, ("ERISA"), 29 U.S.C. §§ 1104, 1106, and 1109 to hold Defendants liable for the Judgment (as defined herein) on account of their breach of fiduciary duty.

    *The Collective Bargaining Agreement*

    At all relevant times, non-party Concrete Industries One Corp. ("CIOC") was a party or otherwise bound to a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters (the "Union"). The CBA required CIOC to remit contributions to Plaintiffs for every hour of work performed by its employees within the trade and geographical jurisdiction of the Union, ("Covered Work"). The CBA also required CIOC to furnish its books and payroll

5

records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. Defendants are principals and owners of CIOC.

### The Judgment

On or about June 23, 2024, Plaintiffs obtained a judgment against CIOC in the amount of $337,772.35(the "Judgment"). The Judgment is comprised of *inter alia* benefit contributions and related amounts owed to the Funds pursuant to CIOC's CBA with the Union. To date, the Plaintiffs have not recovered any portion of the Judgment.

### Breach of Fiduciary Duty

The CBA binds Defendants to the terms of the Funds' Trust Agreements, which state that the Funds' assets encompass not only money that employers have actually contributed to the Funds, but also benefit contributions owed by the employer under the CBA but not yet paid. Defendants Furer and Benjamin, as a fiduciaries under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), exercised operational control over CIOC's assets, including bank accounts and contracts, and were responsible for deciding whether to use these assets to pay contributions to the Funds. Defendants exercised discretionary authority over the disposition of the Funds' assets, causing failure to remit contributions and diverting assets for other purposes. Consequently, Defendants breached their fiduciary duties and caused substantial monetary losses to the Funds, making them personally liable for such losses under ERISA.

### Defenses Asserted by Defendants

### Defendant Furer

Mr. Furer contends that the agreement with the Union was terminated in April 2021, and that any amounts thereafter are not the responsibility of CIOC or himself. Mr. Furer also denies that he violated any duties to the Funds at any time and that while CIOC failed as a business and thus was unable to make payments on many of its debts, no assets were diverted from the Funds that belonged to them.

### Defendant Benjamin

Defendant Benjamin has not appeared in this action.

## II. CONTEMPLATED MOTIONS

Plaintiffs anticipate filing a motion for summary judgment at the close of discovery as against Defendant Furer. Plaintiffs are evaluating how to proceed as against Defendant Benjamin in light of her bankruptcy discharge. Mr. Furer will be filing his own motion for summary judgment at the conclusion of discovery. To the extent that any claim for contribution or indemnity remains subsequent to Benjamin's bankruptcy, Mr. Furer might seek to amend his pleadings to assert such a claim.

## III. SETTLEMENET

On May 23, 2024, Plaintiffs transmitted a settlement demand to counsel[1] for Defendant Furer. Between July 24 and July 26, 2024, Plaintiffs and counsel for Furer discussed several issues concerning Furer's alleged ultimate liability and the bases of Plaintiffs' claims. On August 20,

---

[1] The demand was transmitted to John E.B. Gerth and Jessica Giambrone Palmese of Epstein Becker & Green, P.C.



2024, Plaintiffs requested Defendant Furer's settlement position in light of the issues discussed in July. On October 28, 2024, Plaintiffs transmitted an updated settlement demand to Furer. Plaintiffs followed up with counsel on November 5, 2024. Defendant Furer has failed to respond to Plaintiffs demand. Plaintiffs have not engaged in settlement discussions with Defendant Benjamin.

      Mr. Furer states that the settlement demand is unreasonable in light of the purported claims, and that he has no funds with which to pay the Plaintiff and as such has no wherewithal to settle on terms envisioned by the Plaintiff. If the Plaintiffs would return to discussions with a more reasonable position, then Mr. Furer would be willing to reengage in such discussions.

      The parties thank the Court for its time and attention to this matter.

Respectfully submitted,

_____/s/_____
Adrianna R. Grancio, Esq.
*Attorneys for Plaintiffs*


_____/s/_____
Avrim E. Frisch, Esq.
*Attorneys for Defendant Furer*

5